IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL W. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-754 -SLR |
| | ) | |
| MARSHA J. WHITE and | ) | |
| CPL. WILLIAM MURRAY, | ) | |
| | ) | |
| Defendants. | ) | |

Michael W. Roberts, Smyrna, Delaware. Pro se Plaintiff.

Judy Oken Hodas, Deputy Attorney General. Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant Marsha J. White and Cpl. William Murray.

**MEMORANDUM OPINION**

Dated:  June 4, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On October 3, 2008, Michael W. Roberts ("plaintiff"), a pro se plaintiff proceeding

in forma pauperis, initiated the present action against Marsha J. White ("White") and

Cpl. William Murray ("Murray") pursuant to 42 U.S.C. § 1983. Plaintiff alleges that

defendant White lied under oath to a grand jury to obtain an indictment of plaintiff,

thereby violating his Fourteenth Amendment Due Process and Equal Protection rights.

(D.I. 2 at ¶ 1(f)) Plaintiff further alleges that defendant Murray failed to properly

investigate the shoplifting incident for which the plaintiff was indicted. (*Id.* at ¶ 1) In

response to plaintiff's action, on March 18, 2009, defendant White filed a motion to

dismiss under Fed. R. Civ. P. 12(b)(6). (D.I. 10) Plaintiff filed a timely response on

March 25, 2008. (D.I. 15) Also before the court are plaintiff's motion for appointment of

council (D.I. 22) and motion for summary judgment. (D.I. 23) For the reasons set forth

below, the court grants defendant's motion to dismiss. Plaintiff's motion for

appointment of council and motion for summary judgment should be denied without

prejudice.

## II. BACKGROUND

On June 25, 2007, defendant Murray arrested plaintiff for shoplifting at The

Home Depot building supply store in Wilmington, Delaware. (D.I. 2 at ¶ 9 & ex. A at 5)

Murray determined that plaintiff was arrested previously on June 1, 2007 for shoplifting

at a Staples office supply store in Newark, Delaware, and that plaintiff matched the

description of a suspect charged with shoplifting at a Staples office supply store in

Wilmington, Delaware on April 27, 2007. (*Id.* at ¶¶ 10-11 & ex. A at 5) Murray

responded to the Wilmington Staples store and spoke with an employee who was present during the shoplifting. (*Id*. at ¶ 11 & ex. A at 5)  After viewing a photo line up, the employee identified plaintiff as the person involved in the April 27, 2007 incident. (*Id*. at ¶ 13 & ex. A at 5)

On July 13, 2007, plaintiff was "stopped" by the Delaware State Police after failing to appear for entry into a required diversion program. (*Id*. at ¶ 16)  At this time, defendant Murray ordered that plaintiff be arrested for the April 27, 2007 shoplifting. (*Id*. at ¶ 17)  Plaintiff was indicted by a grand jury for shoplifting, in violation of 11 Del. C. § 840, and conspiracy of the second degree, in violation of 11 Del. C. § 512. (*Id*., ex. A at 6-7)

Plaintiff asserts that, between the dates of April 13, 2007 and May 2, 2007, he was incarcerated for a separate shoplifting offense. (*Id*. at ¶ 15)  As such, plaintiff claims that, in order to obtain an indictment for the April 27, 2007 shoplifting offense, defendant White (a Deputy Attorney General) lied under oath when presenting evidence to the grand jury. (*Id*. at ¶ 1(e))  Specifically, plaintiff claims that White was put on notice of plaintiff's alibi and her withholding this information from the grand jury has caused plaintiff "irreparable harm of equal protection and due process of laws." (*Id*. at ¶ 1)  Although not explicitly stated in the complaint, the court presumes that plaintiff alleges violations of the Fourteenth Amendment, actionable by civil action pursuant to

2

42 U.S.C. § 1983.[1]  Plaintiff also asserts that defendant Murray failed to properly

investigate the circumstances surrounding the April 27, 2007 shoplifting which led to

plaintiff's subsequent indictment.  Plaintiff seeks compensatory and punitive damages

for the pain, suffering and emotional distress caused by being wrongfully incarcerated.

(*Id.* at ¶ 1(g-h))

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the

court must accept all factual allegations in a complaint as true and take them in the light

most favorable to plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  A

complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief, in order to give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545,

554-55 (2007) (internal quotations omitted).  A complaint does not need detailed factual

allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do.'" *Id.* (alteration in original) (citation omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative

level on the assumption that all of the complaint's allegations are true." *Id.*

---

[1]42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> constitution and laws, shall be liable to the party injured....

3

The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "[S]tating...a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d. Cir. 2008) (citations omitted).

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

## IV. DISCUSSION

### A. Prosecutorial Immunity

Plaintiff alleges that defendant White, in her capacity as Deputy Attorney General, lied under oath when presenting evidence to a grand jury to obtain criminal charges against him. (D.I. 2 at ¶ 1(e)) As a prosecutor, White has absolute immunity for all activities relating to judicial proceedings. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. *Id.* at 430. The scope of absolute immunity includes activities taken while in court, and "for activities that are 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution and presenting the state's case in court." *Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) (quoting *Imbler*, 424 U.S. at 430).

As previously discussed, plaintiff's allegations center on White's presentation of evidence to a grand jury. The act of presenting the state's case in court is intimately

4

associated with a judicial phase of litigation and, therefore, defendant White is absolutely immune from suit. Furthermore, even if White had withheld credible alibi information from the grand jury, the Supreme Court in *Imbler* explicitly rejected creating a distinction that would abrogate prosecutorial immunity when credible alibi information is withheld from the jury. *See Imbler*, 424 U.S. at 431 n. 34 (rejecting a distinction that would grant absolute prosecutorial immunity for willful use of perjured testimony but deny the immunity for willful suppression of exculpatory information).

Additionally, plaintiff argues that White's motion should be denied because absolute immunity cannot apply when a prosecutor acts grossly negligent or in her personal capacity. (D.I. 15 at ¶¶ 7,15)  The standard of review, as outlined above, does not require detailed factual allegations but only enough factual allegations to raise the right to relief above the speculative level.[2]  Plaintiff is required to provide more than labels and conclusions, and a formulaic recitation of the law is insufficient to support a cause of action. Plaintiff, however, has provided nothing more than very broad conclusions of law stating that grossly negligent acts of a prosecutor, or acts taken outside of a prosecutor's official capacity, are actionable despite prosecutorial immunity. Plaintiff has failed to provide any facts in his complaint, exhibits, or reply brief which support an inference that defendant White acted grossly negligent or outside her official capacity during the indictment proceeding. As a result of defendant White's absolute immunity, and plaintiff's failure to meet the minimum plausibility

_____

[2]A pleading that states a claim must, under Fed. R. Civ. P. 8(a), contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

requirements to survive a 12(b)(6) motion, his claim against defendant White is dismissed.[3]

### B. Plaintiff's Motion for Appointment of Council

Plaintiff moves for the appointment of counsel on the grounds that the issues are complex, that he requires counsel to handle procedural issues that would hinder or defeat an otherwise successful claim, that his claims have merit, that the case may require expert testimony, and that he is unable to present the claims himself.  (D.I. 22) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir.1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir.1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiffs] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir.1993) (representation by counsel may be appropriate

---

[3] Plaintiff's claim against defendant Murray remains open for discovery. Plaintiff's memorandum (D.I. 23), stating that a genuine issue of material fact exists concerning his claim against Murray, will be treated by the court as a motion for summary judgment.  Summary judgment is only appropriate when there is "**no** genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added).  Plaintiff improperly submits a summary judgment motion to the court praying that his case remain open and that he be allowed to further litigate his dispute against Murray.   Plaintiff's motion for summary judgment will be denied without prejudice with leave to refile following the conclusion of discovery.

under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir.2002).

Upon consideration, the court is not persuaded that appointment of counsel is warranted at this time. Plaintiff has demonstrated the ability to present his claims and there is no evidence that prejudice will result in the absence of counsel. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice.

## V. CONCLUSION

For the reasons stated above, defendant White's motion to dismiss (D.I. 10) is granted. Plaintiff's motions for appointment of council (D.I. 22) and summary judgment (D.I. 23) are denied. An appropriate order shall issue.