IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL W. ROBERTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-754-SLR ) |
| MARSHA J. WHITE and<br>CPL. WILLIAM MURRAY, | ) ) ) ) |
| Defendants. | ) |

Michael W. Roberts, Smyrna, Delaware. Pro se Plaintiff.

Judy Oken Hodas, Deputy Attorney General. Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Marsha J. White and Corporal William Murray.

**MEMORANDUM OPINION**

Dated: March 26, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On October 3, 2008, Michael W. Roberts ("plaintiff"), a pro se plaintiff proceeding in forma pauperis, filed this action against defendants Marsha J. White ("White") and Corporal William Murray ("Murray") pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights to equal protection and due process, as well as claims of false arrest, false imprisonment, malicious prosecution, and defamation.[1] (D.I. 2 at ¶ 1(b-f)) In response to plaintiff's action, on March 18, 2009, White filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which the court granted on June 4, 2009. (D.I. 10, 34, 35) Presently before the court is Murray's motion for summary judgment (D.I. 36). Plaintiff failed to respond to the present motion.[2] The court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over plaintiff's state law claim under 28 U.S.C. § 1367. For the reasons set forth below, the court grants Murray's motion.

## II. BACKGROUND

On June 25, 2007, Murray arrested plaintiff for shoplifting at The Home Depot building supply store in Wilmington, Delaware. (D.I. 2 at ¶ 9; D.I. 2, ex. A at 5) Murray then inquired into plaintiff's criminal history, and avers that he discovered that plaintiff received nine shoplifting convictions after being arrested twenty-two times for shoplifting during a five year period. (D.I. 36, ex. A at ¶ 5) Based on plaintiff's criminal history, Murray determined that plaintiff was a "professional shoplifter" and described plaintiff as

---

[1] As Murray is not a prosecutor, the malicious prosecution claim pertained only to White. (D.I. 2 at 2)

[2] Plaintiff's response was due to be filed on or before January 4, 2010. (D.I. 38)

such in a police report. (D.I. 2 at ¶ 9; D.I. 2, ex. A at 5)

Murray further determined that plaintiff was previously arrested on June 1, 2007 for shoplifting at a Staples office supply store in Newark, Delaware, and that plaintiff matched the description of a suspect charged with shoplifting at a Staples office supply store in Wilmington, Delaware on April 27, 2007. (D.I. 2 at ¶¶ 10-11; D.I. 2, ex. A at 5) On June 28, 2007, Murray went to the Wilmington Staples store and spoke with an employee who was present during the theft. (D.I. 2 at ¶ 11; D.I. 2, ex. A at 5) After viewing a photo line up, the employee identified plaintiff as the person involved in the shoplifting on April 27, 2007. (D.I. 2 at ¶ 13; D.I. 2, ex. A at 5)

On July 13, 2007, plaintiff was "stopped" by the Delaware State Police after failing to appear for entry into a required diversion program. (D.I. 2 at ¶ 16) At this time, Murray ordered that plaintiff be arrested for the April 27, 2007 incident. (*Id.* at ¶ 17) Plaintiff was indicted by a grand jury for shoplifting, in violation of 11 Del. C. § 840, and conspiracy of the second degree, in violation of 11 Del. C. § 512. (*Id.*, ex. A at 6-7)

Plaintiff asserts that, between the dates of April 13, 2007 and May 2, 2007, he was incarcerated for a separate shoplifting offense. (*Id.* at ¶ 15) As such, plaintiff claims that Murray failed to properly investigate the circumstances surrounding the April 27, 2007 incident, which led to plaintiff's subsequent indictment. (*Id.* at ¶ 1) Plaintiff seeks both compensatory and punitive damages for the pain, suffering, and emotional distress caused by being wrongfully incarcerated. (*Id.* at ¶ 1(g-h))

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure

2

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The facts must be viewed in the light most favorable to the non-moving party, and all reasonable inferences from the evidence must be drawn in that party's favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165 (3d Cir. 2009). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U. S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it

3

has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Res Judicata

Murray argues that he is entitled to summary judgment because plaintiff's claims are barred by res judicata. (D.I. 36 at 2) Claim preclusion, the modern parlance for res judicata, "gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (emphasis omitted) (quoting *Board of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992)). Claim preclusion requires the following elements to be established: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *Centra*, 983 F.2d at 504). If each of these three factors are present, the court must dismiss, as precluded by res judicata, any claim that was previously raised, or which could have been raised previously. *Id.*

The first two elements of the test for claim preclusion are readily met under the facts at bar. On February 23, 2010, the Delaware Supreme Court affirmed the Superior Court's grant of summary judgment in favor of Murray and against plaintiff. *Roberts v. Murray*, 2010 WL 626060 * 1 (Del. Feb. 23, 2010), *aff'g*, 2009 WL 2620725 (Del. Super. July 24, 2009). The Delaware Supreme Court stated that "[t]he Superior Court did not err when concluding that Roberts could not recover 'under any conceivable set of

4

circumstances against any of the defendants.'" *Id.*

As for the third element, i.e., whether the causes of action were the same, the court finds that the causes of action in the case at bar are identical to those that plaintiff raised in the state court case. In each case, plaintiff alleges violations of his constitutional rights, in addition to claims of malicious prosecution, false imprisonment, false arrest, and defamation. *See Murray*, 2009 WL 2620725 *1. Each allegation arises out of plaintiff's arrest and incarceration for allegedly shoplifting at a Staples office supply store in Wilmington, Delaware on April 27, 2007. *See id.*

Therefore, the court concludes that plaintiff is attempting to relitigate issues and claims in the case at bar that have been previously decided against him. Put another way, plaintiff now seeks to take another bite at the apple. Accordingly, the court grants Murray's motion for summary judgment on the basis of res judicata.

### B. Immunity

Even if plaintiff's claims were not barred by res judicata, Murray argues that he should still be granted summary judgment on the merits. (D.I. 36 at 3) Murray contends that he is entitled to qualified immunity with respect to plaintiff's federal claims, and immunity under the State Tort Claims Act with respect to plaintiff's defamation claim. (*Id.* at 4-5) Each of these arguments will be discussed below.

#### 1. Qualified immunity

Plaintiff's complaint contains constitutional claims based on Murray's alleged violations having caused plaintiff "irreparable harm of equal protection and due process of law." (D.I. 2 at at ¶ 1) The court presumes that this averment refers to false arrest

and false imprisonment claims based on a deprivation of plaintiff's liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *See Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (stating, "A false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law."); *Dowling v. City of Philadelphia*, 855 F.2d 136, 139, 141 (3d Cir. 1988) (finding that plaintiff alleged a false arrest claim after plaintiff claimed that defendant deprived plaintiff "of her Fifth and Fourteenth Amendment due process and equal protection rights in violation of 42 U.S.C. § 1983 (1982)."). Fourteenth Amendment claims are actionable by civil action pursuant to 42 U.S.C. § 1983.[3]

Murray contends that he cannot be held liable in his individual capacity for plaintiff's federal claims under the doctrine of qualified immunity. (D.I. 36 at 4) Whether Murray is entitled to qualified immunity requires a two-step inquiry: whether his acts violated a constitutional or statutory right and, if they did, whether that right was clearly established at the time of the violation. *See Yarris v. County of Delaware*, 465 F.3d 129, 140-41 (3d Cir. 2006) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled in part by *Pearson v. Callahan*,129 S. Ct. 808 (2009)).[4] If no constitutional

---

[3]42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured . . . .

[4]In *Person v. Callahan*, the Supreme Court overruled *Saucer's* requirement that the two prongs of the qualified immunity test be determined sequentially. 129 S. Ct. at

6

right has been violated, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

With respect to the first prong, Murray argues that plaintiff has not alleged sufficient facts establishing that Murray committed a constitutional violation of false arrest or false imprisonment. (D.I. 36 at 3) The court agrees. To bring a § 1983 claim involving false arrest or false imprisonment, plaintiff must establish that the Murray's actions were taken without probable cause. *See Groman*, 47 F.3d at 636 (finding that "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest."); *Dowling*, 855 F.2d at 141 (stating that "[t]he proper inquiry in a section 1983 claim based on false arrest . . . [is] whether the arresting officers had probable cause to believe the person arrested had committed the offense."). In the Third Circuit, "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

In the case at bar, the court finds that Murray had sufficient probable cause to arrest plaintiff. Murray ordered the arrest of plaintiff for the April 27, 2007 robbery after an employee who was present during the crime identified plaintiff in a photo lineup. (D.I. 2, ex. A at 5) Further, no facts indicate that Murray was aware of plaintiff's alibi

---

818 (holding that "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

7

defense when plaintiff was arrested. As mentioned supra, plaintiff did not respond to Murray's motion for summary judgment and, thus, has offered no additional evidence establishing that Murray lacked probable cause for the arrest. Because plaintiff has failed to meet his burden of showing a genuine issue of material fact as to the first prong of qualified immunity, there is no need to engage in a further qualified immunity analysis. Therefore, the court concludes that Murray is entitled to summary judgment on plaintiff's federal claims.

### 2. **State Tort Claims Act**

Plaintiff also seeks recovery against Murray pursuant to Delaware law under the theory of defamation. (D.I. 2 at ¶ 1(d)) Murray argues that he is entitled to immunity in his official capacity from such claim under the Delaware State Tort Claims Act. See 10 Del. C. § 4001. Section 4001 exempts state employees from civil liability for their actions unless the plaintiff proves the absence of one or more of the following three elements:

> (1) The act or omission complained of arose out of and in connection with the performance of an official duty . . . ;
> (2) The act or omission complained of was done in good faith and in the belief that the public interest would best be served thereby; and
> (3) The act or omission complained of was done without gross or wanton negligence[.]

Id.

In the case at bar, the court finds that Murray's actions fell within the scope of the State Tort Claims Act. Since Murray's statement that plaintiff was a "professional shoplifter" was made in a police report, it arose out of the performance of Murray's official duties as a police officer. (D.I. 2 at ¶¶ 10-11; D.I. 2, ex. A at 5) The facts further

8

show that the statement was made in good faith and without gross or wanton negligence, since it was based on plaintiff's extensive criminal history as a shoplifter.[5] As mentioned supra, plaintiff did not respond to the present summary judgment motion and, thus, did not introduce any evidence concerning his claim of defamation. The court, therefore, concludes that Murray is entitled to summary judgment on plaintiff's defamation claim, because plaintiff failed to make a sufficient showing that Murray is not entitled to immunity under the State Tort Claims Act. See Celotex, 477 U.S. at 322.

## V. CONCLUSION

For the reasons stated above, Murray's motion for summary judgment (D.I. 36) is granted. An appropriate order shall issue.

---

[5] As noted above, Murray avers that plaintiff's criminal history demonstrates that plaintiff received nine shoplifting convictions and twenty-two arrests for shoplifting during a five year period. (D.I. 36, ex. A at ¶ 5)

9